IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jimmie Lewis, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. 17-cv- |
| ) | |
| Thomas Dart, Sheriff of Cook County, ) | (jury demand) |
| and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff Jimmie Lewis, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Jimmie Lewis was processed into the Cook County Jail on April 7, 2017. Plaintiff has a fractured left foot, is unable to put weight on his left leg, and requires crutches to move from place to place.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for prisoners remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is responsible for maintaining the Cook County Jail

and the Leighton Criminal Courthouse. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Plaintiff, like all pretrial detainees at the Cook County Jail, attends court periodically in connection with his underlying criminal case. Plaintiff presently attends court at Leighton.

6. There are two steep ramps in the basement of the Leighton Courthouse.

7. Defendants are aware, as a result of the *Lacy v. Dart*, No. 14 C 6259 (Gettleman, J.) litigation, the Leighton ramps do not comply with the current ADA slope or landing requirements. *Lacy v. Dart*, 2015 WL 5921810, *5 (N.D. Ill. 2015).

8. In *Lacy*, defendant Sheriff of Cook County was ordered to amended section IX.H. of Sheriff's Order 11.14.35.0 to require CCSO members to provide assistance to wheelchair-using subjects by pushing inmates up and down ramps in CCSO facilities.

9. Defendants, however, did not amend any Sheriff's Order or implement any policy to provide an accommodation to inmates, like plaintiff Lewis, who use ambulatory aids such as a cane, walker, or crutch to navigate the Leighton ramps.

10. Navigating the Leighton ramp without an accommodation causes plaintiff pain and leaves him vulnerable to substantial risk of ham.

11. During a court appearance on April 7, 2017, the Sheriff's video shows plaintiff loose his balance while moving up the steep ramp:



12. During each court appearance, plaintiff is held in various bullpens at the Leighton courthouse that do not have toiles compliant with the ADA structural standards.

13. When plaintiff enters the bullpens, the Sheriff's deputies take away plaintiff's crutches pursuant to department policy leaving him without any ability to safely move in the bullpen.

14. Plaintiff suffers ongoing irreparable harm as a result of the above described ADA and RA violations.

15. The Cook County Jail does not have any available administrative procedure for plaintiff to complain about the above described policies of defendants. The Jail's inmate grievance form explicitly states that "formulation of department policies" is considered a "non-grievable matter[]."

16. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that the Court grant appropriate compensatory damages, fashion appropriate prospective relief for plaintiff, and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900
patrickmorrissey1920@gmail.com

*Attorneys for Plaintiff*