IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jimmie Lewis, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 17-cv-4181 |
| *-vs-* | ) | |
| | ) | Judge Chang |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SHERIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Jimmie Lewis alleges the Sheriff and County violated his rights under the Americans With Disabilities Act (ADA) and Rehabilitation Act (RA) by requiring him to navigate up and down steep ramps located in the lower level of the Leighton Courthouse without any accommodation and by removing his crutches while being held in various bullpens at the Leighton Courthouse.

The Sheriff argues plaintiff Lewis failed to exhaust his administrative remedies as the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires. ECF No. 41, Sheriff's Memorandum at 1. The Court should reject this argument. Plaintiff did not have any available remedies because the Sheriff prohibits inmates from grieving about the formulation of department policy. Accordingly, plaintiff's claims are not subject to the

PLRA exhaustion requirement since no administrative remedies were "available" to him. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016).

## I.   The DOC Policy Regarding Leighton Ramps

The Sheriff is aware the two ramps in the lower level of the Leighton Courthouse do not comply with the current ADA slope or landing requirements.   PSOAF ¶ 1. As a result of *Lacy v. Dart*, No. 14 C 6259 (Gettleman, J.), the Sheriff was ordered to formulate a policy - by an amendment to section IX.H of Sheriff's Order 11.14.35.0 - to push wheelchair users up and down the two Leighton ramps. PSOAF ¶ 2.

The Sheriff, however, never formulated a policy to accommodate individuals like plaintiff Lewis prescribed a crutch or cane to move up or down the Leighton ramps. PSOAF ¶ 3. Nor has the Sheriff provided training to correctional officers to accommodate these individuals. PSOAF ¶¶ 5-6, 10-11,13. Plaintiff contends the absence of a policy violated his rights under the ADA and RA.

## II.   The DOC Policy To Confiscate Crutches In Holding Cells

The Sheriff, according to Officer Payton, has a policy that requires a correctional officer to remove an inmate's crutches while being held in a holding cell (the "crutch removal policy"). PSOAF ¶ 12. This policy was applied to plaintiff Lewis. ECF No. 40 ¶¶ 10-12. Plaintiff also alleges this poli-

cy of the Department of Corrections violated his rights under the ADA and RA.

### III.   The Sheriff's Summary Judgment Motion

The Court should deny the Sheriff's motion for summary judgment because he has not carried his burden, by presenting admissible evidence, that plaintiff Lewis failed to exhaust available administrative remedies at the Cook County Jail. The Sheriff erroneously represents Title 20 Section 504 of the Illinois Administrative Code is the stated policy for the Cook County Jail grievance procedure. ECF No. 41, Sheriff's Memorandum at 5. This is incorrect because Section 504 of the Illinois Administrative Code applies only to inmates remanded to the Illinois Department of Corrections; there is a Cook County Department of Corrections "Inmate Information Handbook (the "Handbook") that enumerates the CCDOC's grievance process." *Hernandez*, 814 F.3d at 839.

"To exhaust administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Prisoners are only "required to exhaust grievance procedures they have been told about, . . . not procedures they have not been told about." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015). As carefully considered by this Court, "[t]his means the jail's *stated* policy is the key." *Harper v. Dart*, 2015

WL 3918944, at *3 (Chang, J.) (emphasis in original). The Sheriff presents no evidence of the Jail's grievance procedure and therefore cannot satisfy his burden at summary judgment.

Even if the Sheriff introduced evidence of the applicable grievance procedure at the Cook County Jail, plaintiff Lewis did not have any available administrative remedy to complain of the ADA and RA violations at issue here. The "Inmate Grievance Form" spells out that an inmate may not grieve about the formulation of department policies. PSOAF ¶ 7. Chief Johnsen elaborated on the basis for this policy because the Department of Corrections does not want inmates to complain about "procedures the Department carries out" or "how the Department operates." PSOAF ¶ 8.

The Sheriff does not have any written order to assist inmates with crutches move up and down the Leighton ramps. PSOAF ¶ 3. And the Sheriff provided no training for correctional officers to accommodate inmates with crutches move up and down the ramps. PSOAF ¶¶ 10, 13. While Ms. Rivero-Canchola may formulate a policy in the future, PSOAF ¶¶ 5-6, the "Inmate Grievance Form" plainly states a complaint concerning the "formulation of departmental policy" is a "non-grievable matter." PSOAF ¶ 7. Accordingly, plaintiff did not have any available administrative remedy.

For all of the same reasons, plaintiff did not have any available rem-edies to complain of the Sheriff's "crutch removal policy" because it is the policy of the Sheriff's Office. PSOAF ¶ 12.

## IV.    Conclusion

For the reasons above stated, the Court should deny the Sheriff's motion for summary judgment.

Respectfully submitted,

/s/  Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, IL 60643
(773)233-7900

*an attorney for plaintiff*
